IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH K. CONSTANTIN and
THOMAS E. CONSTANTIN

    Plaintiffs,

v.                              Civil Action No. 5:09CV129
                                         (STAMP)

STEPHANIE ANN FOGLE and
UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING THE PLAINTIFFS' MOTION TO REMAND**

I. Background

On October 28, 2009, the plaintiffs filed a complaint in the Circuit Court of Ohio County, West Virginia against defendants, Stephanie Ann Fogle ("Fogle") and Universal Underwriters Insurance Company ("Universal"). On May 19, 2008, plaintiff Elizabeth Constantin and defendant Fogle were involved in a motor vehicle accident. Elm Grove Dodge Chrysler Jeep, Inc., owned the vehicle operated by Elizabeth Constanin. Elizabeth Constantin has underinsured motorist coverage through AIG Casualty Company ("AIG") and defendant Universal. The plaintiffs served AIG with the complaint, but did not name AIG as a defendant in the state court action. The plaintiffs have settled their claim with defendant Fogle, who remains only as a nominal defendant for purposes of the plaintiffs' underinsured motorist claim against Universal. Universal removed this civil action to this Court on November 25,

2009 asserting that this civil action is removable under 28 U.S.C. § 1332(a). AIG did not sign the notice of removal. Counsel for AIG appeared in state court on December 1, 2009 and filed an answer to the complaint on December 2, 2009. On December 7, 2009, AIG appeared in this Court. Universal and AIG both participated in the parties' initial planning meeting on December 8, 2009. AIG did not file a written consent or written joinder to Universal's notice of removal, nor has it filed its own notice of removal. On December 23, 2009, the plaintiffs filed a motion to remand stating that removal of this action is improper because Universal failed to obtain consent of removal from all real parties in interest. Universal responded in opposition to the plaintiffs' motion to remand on January 6, 2010, and plaintiffs replied on January 13, 2010. This motion is now fully briefed and ripe for review. After reviewing the parties' memoranda and the applicable law, this Court denies the plaintiff's motion to remand.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). While the removal statute does not explicitly require

all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal. See Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. W. Va. 1993). See Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245 (1900)) and Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349, 427 F.2d 325, 326-327 (5th Cir. 1970)). The "'rule of unanimity,' as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant within 30 days of receiving the complaint." Martin Oil Co., 827 F. Supp. at 1237. "Formal or nominal parties do not have to join in the removal;" and thus, are not subject to the rule of unanimity. Means v. G&C Towing, Inc., 623 F. Supp. 1244, 1245 (S.D. W. Va. 1986).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. Id.

### III. Discussion

The plaintiffs argue that defendant Universal failed to obtain consent to removal from AIG, which filed a notice of appearance in both the state court and this Court. The plaintiffs contend that

this failure constitutes a fatal procedural defect because AIG is a real party in interest.

The removal statutes applicable to this case speak only of removal "by the defendant or defendants." 28 U.S.C. §§ 1441, 1446(a). "This language leaves little room for interpretation, and does not permit removal by non-parties." Dean v. Roberts, No. 5:05-cv-85, 2006 WL 90072 (N.D. W. Va. Jan. 13, 2006). See also Vaughan v. Vance Dennis Dixon, No. 3:09-cv-50, 2009 WL 2913617, *1 n.1 (N.D. W. Va. Sept. 8, 2009)(finding that a non-party underinsured motorist carrier served with the complaint did not need to consent to remove the civil action to federal court); Adams v. Adminastar Defense Services, Inc., 901 F. Supp. 78, 79 (D. Conn. 1995)(stating that only a defendant, who is by implication a party in state court, has standing to remove); American Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296 (S.D.N.Y. 1999)(concluding that a non-party claiming to be a real party in interest lacks authority to notice removal). Because AIG had no right to removal in this case, this Court finds that defendant Universal was not required to obtain AIG's consent to the removal of this action. Thus, the plaintiffs' motion to remand this case because Universal has not obtained consent from AIG must be denied.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED: January 15, 2010

                                              <u>/s/ Frederick P. Stamp, Jr.</u>
                                              FREDERICK P. STAMP, JR.
                                              UNITED STATES DISTRICT JUDGE